### SMITH v HORVATH

Ohio Appeals, 9th Dist, Lorain Co.

No. 920. Decided May 24, 1939.

Joseph A. Ujhelyi, Lorain, for defendant-appellant.

Levin & Levin, Lorain, for plaintiff-appellee.

### OPINION

By WASHBURN, PJ.

The parties will be referred to as they appeared in the trial court, in which Harry Smith was plaintiff and Kolman C. Horvath was defendant.

Plaintiff sued to recover for work and labor performed by him for the defendant—claiming, in the first cause of action, an express contract as to the

amount of compensation, and, in the second cause of action, upon quantum meruit. The trial court refused to compel the plaintiff to elect upon which cause of action he would proceed, but at the close of all the evidence the court withdrew from the consideration of the jury the second cause of action, and submitted the case upon the first cause of action, in which an express contract was claimed.

The services performed by the plaintiff were in the construction of six houses which were built by the defendant. The plaintiff's version of the contract, as testified to by him, was that, after he had been working a short time, the defendant said to him that he could not pay him $1 an hour because that was too much, and that plaintiff replied "All right, I will tell you what I will do: You give me sixty cents an hour and room and board and I will go to work or else I will leave," and that the defendant replied that that was all right. The version of the defendant, as testified to by him, was "I told him, I says, 'Harry, if you expect to get your room and board here and your clothing,' I says, 'I won't be able to pay you what our original agreement was.' And he shrugged his shoulder and told me, 'That's all right.'" And again the defendant testified: "I says, 'Well, Harry, if you expect to get your meals and stay with me—' I told him I would provide for him and pay him a few dollars every week, buy him his necessities of life."

In submitting the cause to the jury the court stated the claim of the plaintiff to be that for the services which he performed for the defendant the latter "agreed to pay him at the rate of sixty cents an hour, and, in addition thereto, to give plaintiff his room and board at defendant's home," and that the defendant's claim was "that the plaintiff was to perform certain labor in connection with the erection of dwelling houses, which labor was to consist of handy-man labor and general construction work; and that for such work it was agreed by and between the parties that the defendant would feed the plaintiff, give him a place to sleep, do

his necessary dentistry, furnish him with such clothing as he needed, and give him a few dollars each week for spending money."

There is no complaint of error in the charge of the court, and the jury on the claim of plaintiff for $904 found in his favor in the sum of $700.

On the claim of the defendant that there was prejudicial error in the court's refusal to compel an election between the causes of action plead, we find against the defendant.

As to the claim of the defendant that the verdict and judgment are manifestly against the weight of the evidence, we find that the cause was submitted to the jury upon a charge as to which no error is claimed by the appellant, and that the jury was justified in reaching the conclusion it did.

Judgment affirmed.

DOYLE, J. and STEVENS, J., concur.